### MacNUTT v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.   October, 1910.)

Appeal from Special Term, New York County.

Action by Margaret V. C. MacNutt against the City of New York and another.   From a judgment of dismissal, plaintiff appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

William Mason Smith, for appellant.
Theodore Connoly, for respondents.

INGRAHAM, P. J.   For the reasons stated in Ogden v. City of New York (decided herewith) 126 N. Y. Supp. 189, the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event.   All concur.

---

(140 App. Div. 789.)

### PEOPLE ex rel. MILLER v. MYNDERSE.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS—QUALIFICATIONS FOR OFFICE.
     Section 42 of the village law (Consol. Laws, c. 64), providing that a person shall not hold two village offices at the same time, except the office of collector and police constable, etc., relates in terms and spirit to the situation of the officer, not on election day, but on the day when he enters into the performance of his duties, so that, where the office of president began at noon on a certain day, and a trustee of the village, who had been elected to the presidency, resigned his trusteeship prior to noon, he became entitled to the presidency; section 53 of the village law, providing that "the person eligible and receiving the highest number of votes for an office shall be elected thereto," not changing the situation, as it relates to persons who have the capacity to be chosen.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314; Dec. Dig. § 142.*]

2. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS—QUALIFICATIONS FOR OFFICE.
     As specifically provided by section 42 of the village law (Consol. Laws, c. 64), a person who is eligible to the office of trustee is also eligible to that of president; but he cannot hold both offices at once.
     [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314; Dec. Dig. § 142.*]

     Smith, P. J., dissenting.

Appeal from Special Term, Schenectady County.

Action by the People of the State of New York, on the relation of John Miller, against Herman V. Mynderse.   Judgment for plaintiff, and defendant appeals.   Affirmed.

At the annual election of the village officers of Scotia on the 15th day of March, 1910, the relator was a candidate for the office of president of the village, received the greater number of votes therefor, and the inspector of election, in due form, gave him the certificate of election.   On the 15th day of March the relator was a trustee of the village, and his term as such would expire by limitation of time March 21, 1911.   The term of office of the president of the village commenced upon the 21st day of March, 1910, at noon, and prior to noon on that day the said relator, Miller, duly resigned his office as trustee of the village.   The defendant, the president whose term expired

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes